UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS INDENTURED TRUSTEE FOR AMERICAN HOME MORTGAGE INVESTMENT TRUST 2007-2,<br><br>      Plaintiff,<br><br>  v.<br><br>DEANE C. NAULT, et. al.,<br><br>      Defendants. | Case No. C10-1734-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

**INTRODUCTION**

The instant case was referred to the Honorable Brian A. Tsuchida, United States Magistrate Judge, for determination of defendants' qualification to proceed before this Court in forma pauperis (IFP) and to determine if removal from state court is proper.  Dkt. 7.  On October 27, 2010, defendants, proceeding pro se, filed a Notice of Removal of an action pending before King County Superior Court.  Dkt. 1, Att. 1.  Each defendant also submitted an IFP application.  Dkts. 1, 2.  The Court entered a Minute Order directing defendants to correct the deficiencies in their IFP applications.  Dkt. 4.  On November 15, 2010, the defendants filed amended IFP applications.  Dkt. 6.  Under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court may screen the

REPORT AND RECOMMENDATION- 1

1  merits at the time a party files for IFP status, and the Court will proceed to do so here.[1]

2  Defendants seek removal of a state cause of action from King County Superior Court. According to the state court documents submitted with the Notice of Removal, plaintiff seeks a Writ of Restitution under RCW 59.12.010 *et seq.* and RCW 61.24 *et. seq.* to remove defendants from the disputed property after foreclosure proceedings. Dkt. 1, Att. 1, Ex. A (Motion for Order Issuing Writ). Defendants' Notice of Removal appears to assert that the Court has jurisdiction both on the basis of diversity and federal question jurisdiction. Dkt. 1, Att. 1 at 2-3. The Court finds that jurisdiction over this action is improper and thus recommends that the matter be **REMANDED** to King County Superior Court and defendants' IFP applications be denied as **MOOT**.

**DISCUSSION**

In general, any civil action of which the district courts would have original jurisdiction is removable to federal court. *See* 28 U.S.C. § 1441(a)-(b). Subject matter jurisdiction is thus proper in a removal case where jurisdiction is established on the basis of diversity of citizenship of the parties,[2] or on the basis of federal question jurisdiction.[3]  *See* 28 U.S.C. § 1441(a)-(b). However, the removal statutes should be strictly construed against removal jurisdiction. *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.,* 765 F.2d 815, 818 (9th Cir. 1985)). As discussed below, the Court lacks subject matter jurisdiction, and the case must be

---

[1] The screening provisions of § 1915(e) may properly be applied to non-prisoner civil litigants seeking to proceed in forma pauperis. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam).

[2] District courts shall have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and there is diversity of citizenship. 28 U.S.C. § 1332.

[3] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1331.

REPORT AND RECOMMENDATION- 2

remanded to state court.  28 U.S.C. § 1447(c).

**A.     The Case May not be Removed on the Basis of Diversity Jurisdiction**

A federal court may properly exercise subject matter jurisdiction over a state law cause of action where the amount in controversy exceeds $75,000 and diversity of citizenship exists among the parties.  *See* 28 U.S.C. § 1332.  Whether actual diversity jurisdiction under 28 U.S.C. § 1332 exists in this case is unclear from the Notice of Removal because plaintiff is a large bank and defendants did not provide information that would allow the Court to determine with certainty that the parties are diverse.  *See* 28 U.S.C. § 1332(c).  Assuming there is actual diversity of citizenship between the parties, local defendants are not allowed to remove cases to federal court.  Removal is allowed only where "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  Hence, "the presence of a local defendant at the time removal is sought bars removal." *Spencer v. U.S. Dist. Court for N. Dist. Of Cal.,* 393 F.3d 867, 870 (9th Cir. 2004) (citing 28 U.S.C. § 1441(b)).  Defendants' Notice of Removal clearly states that they are "private inhabitants in Washington state."  Dkt. 1, Att. 1 at 2.  The Court construes this statement to mean that defendants are citizens of Washington and are thus prohibited from removing this action to federal court.

**B.     The Case May not be Removed on the Basis of Federal Question Jurisdiction**

A federal court may also exercise removal jurisdiction if federal question jurisdiction exists.  In other words, the case may be removed from state court if original jurisdiction in federal court could be founded on "a claim or right arising under the Constitution, treaties or laws of the United States."  28 U.S.C. § 1441(a)-(b).  However, the federal question must clear on the face of plaintiff's well-pleaded complaint.  *See, e.g.*, *Holmes Group, Inc., v. Vornado Air*

REPORT AND RECOMMENDATION- 3

*Circulation Systems, Inc.,* 535 U.S. 826, 830 (2002). Whether a case "arises under" federal law for jurisdiction purposes is determined only on what necessarily appears in plaintiff's statement of the claim, unaided by anything alleged in anticipation or avoidance of defenses. *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914). Here, plaintiff's claim is strictly based upon state law. *See* Dkt. 1, Att. 1, Ex. A (state court pleadings). Matters raised in a defendant's answer will not create federal question jurisdiction. *Holmes Group, Inc.,* 535 U.S. at 830-31. A defendant's counterclaims that arise under federal law likewise fail to create federal question jurisdiction. *Id*. at 831. Defendants' Notice of Removal makes conclusory allegations of violations of the U.S. Constitution and of federal law and further raises various defenses to contract formation that appear to be based in state law. Dkt. 1 Att. 1 at 2-3, 6-11. Even if defendants are successful in asserting defenses or counterclaims arising under federal law, these defenses and counterclaims cannot create federal question jurisdiction such that the case may properly be removed from King County Superior Court. The Court thus lacks subject matter jurisdiction over this action.

## CONCLUSION

While pleadings submitted by pro se parties are construed liberally and parties may generally be given the chance to amend a deficient pleading, no amount of amendment could cure the defects in this case. *See Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000); *Doe v. U.S.,* 58 F.3d 494, 497 (9th Cir. 1995). The Court is entirely without subject matter jurisdiction over this action. Based upon the above analysis, the case must be **REMANDED** to King County Superior Court and defendants' IFP applications denied as **MOOT**. A proposed order

///

///

///

REPORT AND RECOMMENDATION- 4

1 accompanies this Report and Recommendation.

2     DATED this 18th day of November, 2010.

                                                    BRIAN A. TSUCHIDA
                                                  United States Magistrate Judge

REPORT AND RECOMMENDATION- 5